**Jerry D. CHEATAM, Petitioner—Appellant,**

v.

**Doug WADDINGTON, Respondent—Appellee.**

No. 05–35064.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Filed April 24, 2006.

Jerry D. Cheatam, Aberdeen, WA, pro se.

Alex A. Kostin, Esq., AGWA—Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent—Appellee.

Before: T.G. NELSON, GOULD, and BEA, Circuit Judges.

### MEMORANDUM *

Petitioner Jerry Dawayne Cheatam appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition following the Washington Supreme Court's *en banc* affirmance of his state court conviction for first-degree rape with a deadly weapons enhancement. Cheatam claims the state trial court violated his due process rights by excluding the testimony of Cheatam's proffered expert witness on the reliability of eyewitness identification. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.[1]

Cheatam is in custody pursuant to a judgment of a state court. Therefore, the writ of habeas corpus will not be granted unless the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). We review de novo "[t]he district court's denial of a 28 U.S.C. § 2254 habeas petition." *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir.2004).

There is no Supreme Court precedent recognizing a federal constitutional right to have evidence regarding the reliability of eyewitness identifications admitted at trial. Furthermore, this court has "repeatedly upheld the exclusion of such testimony." *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir.1986). As a result, the state trial court's decision to exclude such evi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

dence was well within its discretion and was not contrary to or an unreasonable application of Supreme Court precedent warranting habeas relief.

AFFIRMED.